Good morning, counsel. Good morning. May it please the Court, my name is Stephen C. Smith and I'm appearing on behalf of the plaintiffs and appellants in this matter. We received the order of the Court asking us to address Rule 15a as to why that rule did not allow us to file an amended complaint. I believe that that rule is dispositive of this issue. Of course, under 15a, we were entitled as a matter of right to amend our pleadings once before a response to pleading was filed. As this Court knows, we filed our complaint in July, the Court dismissed the complaint in December after a request for leave to amend The All Waste, Inc. case, which was not cited in the briefs, but it's All Waste, Inc. v. Hecht, 65F31523 out of this Court, confirms that where a motion is granted under 12b-6 to dismiss a complaint, the party has a right as a matter of course to amend the pleadings. Here, the plaintiffs were denied that right to amend the completings. The Court didn't assist us very much, of course. When the Court dismissed the case, the Court failed to indicate to us why it was dismissing the case. It didn't indicate which of the four grounds, if any, it was relying upon in the 12b-6 motion, if it was claiming that some part was granted because of statute of limitations or if the complaint was not specific under 12b-6. It just failed to help us. Have you had a chance to confer with counsel with respect to the 15a issue? I have not, Your Honor. But I do believe that 15a is dispositive. After, of course, the Court denied the motion that was made in the briefing to amend the pleadings, another motion was brought to amend, which was again denied by the Court. Well, which gets to the second issue, which is with respect to the whether there was any indication showing a particularity with respect to Siander and falsity. Do you want to speak to that? Yes, Your Honor. What the evidence – there was no real discovery in this case, but what the pleadings show to date, Your Honor, is that the Veronix firm basically crammed the pipeline. What they did is they had two parties to which they were closely related that they entered into contracts for, which they paid $20,000 or $30,000 is all. And they said if you sign these contracts and agree to buy $5 million worth of product over the next several years, we'll let you be the exclusive seller of our product within a territory. Well, these parties were paid the money, signed the contracts, and they never sold one item. And they had no ability to sell, never planned on selling, and Mr. Hite, who was the officer and director who engineered this plan, knew that. There was a number of correspondence back and forth that said we have no intent of selling $5 million. We didn't understand that to be the case. Nevertheless, Mr. Hite, who was responsible for preparing the financial statements, prepared them, listed this $5 million twice as having been sold, overstated the revenues tremendously, which caused a huge increase in the value of the stock. My clients purchased the stock and spent – the damages are over $1.3 million for purchases by clients. These were purchases done while these financial statements were overstated. Following our complaint, the directors, many of them have already resigned. The accountants have been changed on the grounds that the financial statements misstated the true value of the company and the revenues of the company. Thank you. Thank you, Kevin. May it please the Court. My name is Mark Rappel. I'm with Latham & Watkins, and I represent the appellees. If I may, I'd like to start by addressing the propriety of the court's – of the district court's ruling rejecting plaintiff's belated motion for leave to amend. I'd also like to address the court's question regarding Section 15, or Rule 15A, and then address the second appeal that we have here, the appeal from the court's ruling granting our second motion to dismiss. First, with respect to the motion for leave to amend, the plaintiff's brief essentially argues that because the district court did not make any findings in support of its And I would submit that that's obviously not a correct statement of the law. The only case that the appellants cite for that proposition is Chalmers. It's an attorney's fees case. It's not dispositive. The DCB programs case and other cases cited in the brief show clearly that this court has the power and the ability and the willingness to take a look at the record to see if there is in the record sufficient justification for the court's decision to deny leave to amend. And I think if the court conducts their own. Do you have cases saying that under this Act the district court is supposed to give reasons and point out why the complaint doesn't comply? There are cases which say that the court's ruling on a motion for leave to amend is subject to reversal for an abuse of discretion, and the court will review that exercise of discretion based upon the reasons provided by the district court. So essentially the jurisprudence of the court sets up a system where if the district court provides reasons, this court is very deferential to that and will uphold the district court's rulings. Are you saying you think that we have not said to the district judges that in refusing to allow leave to amend that they should point out or in dismissing the complaint that they should point out the deficiencies and state what's needed in order to comply with the provisions of the Act? Your Honor, I guess I would say that the cases tell the district courts if they do that, we will be deferential to their ruling. So does your answer then, no, we have not told them that they should do that? Well, I think the court's cases also say if you don't do that. I'm just trying to get an answer, yes or no, whether you think that we have not said to the district judges that they should specify the reasons and point out the deficiencies. That's not a hard question. Either we have said to them that they should do that or we haven't. If we haven't, maybe we will. But the question is, have we done that already or not in your view? Your Honor, I think a fair reading of the cases is that this Court's decisions do urge the district courts to provide reasons when they refuse to grant leave to amend. The cases also, however, say that if the ---- And you think the district judge here just did not find our urgings were enough to get him to do that, that if we want him to do that, we'd better say we don't urge you, we direct you, is it? Your Honor, no. I believe that Judge Hatter held or Judge Hatter believed that the record in this case was sufficiently strong that their reasons for denying leave to amend in the circumstances of this case were sufficiently obvious that he did not need to state his reasons and that this Court, when it inspected the record on appeal, would see that there are a number of reasons to support the district court's refusal to grant leave to amend. That being what? What are the reasons? Your Honor, the ---- Are we talking about the denial of leave to amend at this point? Yes, Your Honor. Your Honor, the procedural history here is that the plaintiffs filed their original complaint in State court. That complaint was essentially a nonstarter. It didn't even come close. That's fine. But let's get to the Federal court. They filed, they filed, they got, what, they got, they refiled or get removed? They filed. We urged them to amend. I understand. And so this complaint is a nonstarter. The judges dismissed that. They tried to file without ---- Okay. But they dismissed it? But he dismissed it without prejudice, but he didn't say specifically that they could amend. Correct. So then they tried to file. They tried to file an amended complaint. It was denied by the clerk. The clerk refused to file it. Right. So then they move over to the number two complaint. Yes, Your Honor.  And that's again ---- That's dismissed as well after we've urged them to amend it. Again without prejudice. Again without prejudice. They don't seek further leave to amend at that point. If they come to this Court and say that ruling on the motion to dismiss was wrong as a matter of law, you should reverse it. This Court issues an order to show cause saying this doesn't appear to us, or at least we have questions, whether this is a final appealable order. It is only that order issued by this Court which prompts the plaintiffs to come back nine months after the original complaint was dismissed to finally seek leave to amend, having put my clients to the expense of the original appeal from the second motion to dismiss, as well as the additional costs associated with the fact that the plaintiffs, without justification, filed an entirely separate second action. Well, you say without ---- that's what troubles me. I mean, if the clerk wouldn't accept the amended complaint, why is it without justification? Your Honor, I would submit that they should have gone back to Judge Hatter, filed a motion for leave to amend, whether they were entitled to ---- Well, maybe you ought to address 15a, then, because it's not clear why they needed a motion, but ---- Well, that's my concern, too. Doesn't 15a trump all of this collateral discussion? Your Honor, the filing of the amended complaint in this action would be the plaintiff's And they have acknowledged that the filing of the second action was only prompted by the decision of the clerk to refuse to accept the filing. They acknowledge ---- You have it both ways. That was in form, the filing of a second action, was it not? Your Honor, they're seeking ---- if you give them the benefit of Rule 15a in this situation, you're essentially giving them an opportunity to take advantage of their own wrong. We urge them, when they file that second action ---- Doesn't 15a allow that? Isn't that the whole idea, that you get one absolute chance to refile? No matter how bad a job you did on the original complaint, you have an absolute right under 15a to refile. They took advantage of that opportunity when they filed the second action. They attempted to file a First Amendment complaint in the first action. That was their opportunity to take advantage of the right to amend under 15a. The clerk said, I'm not going to accept that for filing. So they turned around and filed an entirely separate action. It was assigned to a different judge and ultimately transferred back to Judge Hatter. But that was their opportunity to file and to amend as a matter of right under 15a. They acknowledged that their intention when they filed the second action was, in the And, in fact, when they went back and filed their motion for leave to amend, although it is captioned with the same case number as the second action, it, in fact, if you read the text, was intended to be filed in the first action, which had been dismissed some nine months earlier. They talk about filing a second action, and then their text talks about we're seeking leave to amend in this action. So although there's some confusion there, I think the record fairly read shows that they were, in fact, seeking leave to amend in the first action, which was dismissed having already taken their opportunity to amend under 15a. And I would also note that any contrary ruling allowing the plaintiffs to take advantage of 15a in these circumstances would encourage people to file a second action instead of filing an amended complaint. And then to file a third action, a fourth action, a fifth action. Sotomayor Well, I wonder if that isn't overstated. Obviously, something – somebody goofed in the clerk's office and obviously should have taken the document instead of rejecting it. Your Honor, I don't frankly know what happened in the clerk's office, and I don't think there's any admissible evidence to show what happened in the clerk's office. We have counsel's representation, and I'll certainly leave it at that. Kennedy But you're making the argument that Rule 15a essentially has been complied with by the filing of the second action. Now, are there any statute of limitations issues that are lost as a result of that? Do you know? I mean, is it – could we simply look at this as simply the extension of the original litigation? Sotomayor Your Honor, I suppose you could, although, again, I think that rewards the plaintiffs for filing a separate action, putting the court personnel and my clients to the expense of dealing with the reassignment and all the other falderal that goes along with the fact that – Kennedy It's not a very sympathetic argument about the great expense your clients have been put to. I mean, the counsel here could have cooperated, the two of you, gotten this all straightened out when the clerk made a mistake. You wouldn't have been in the court of appeals at all. You might be – or maybe you'd be here when the judge looked at the second complaint, treated it as an amended complaint, gave his reasons why he didn't think it was sufficient as we have told him to do. You know, the reason that this tremendous burden is placed on your client may be the way the case has been handled on both sides. Carvin Your Honor, I tried. When they filed the second action and it was assigned to a different judge, they initially didn't even serve it because they said they were working on gathering additional facts, and frankly, I think counsel recognized that that second complaint was, like the first, woefully inadequate to state a claim under State law, let alone the heightened standards of the PSLRA. But I said, look, file a motion to have this thing treated as an amended complaint back in the initial action that Judge Hatter dismissed. File a better amended complaint, which comes close to meeting your pleading burden. And counsel simply refused to honor those requests, the same way that he refused to seek leave to amend after Judge Hatter dismissed the second time and simply filed a notice of appeal. He only went back to the district courts to seek leave to amend after this Court issued an order to show cause. Now, I would submit here you have lengthy delay. That delay is unexplained. The only explanation is a declaration from counsel which says he's having difficulty communicating with clients in Oregon. That's obviously not an excuse in this day of communicating by telephone and telecopier and so on. You have prejudice to my client in handling the first appeal that the plaintiffs took, briefing an issue regarding the motion to dismiss that was granted the second time by Judge Hatter that, frankly, never should have been brought to this Court as an appellate issue. You have the fact that the plaintiffs have attempted several times to amend this complaint. They have failed. That also justifies Judge Hatter's ruling. And most of all, the one factor that I think trumps all others in the Court's jurisprudence is futility of amendment. Here we're looking at the plaintiff's third effort to state a claim, and there are still woefully inadequate allegations in it to separate the conduct of Defendant A versus Defendants B through J or K or whatever. There are 20 defendants here, and there is very little effort to segregate out those defendants. There is very little effort to explain why the financial statements were false. Clearly, revenue was recognized, but they don't say in the complaint that there was X revenue recognized. They don't explain why the resellers of this software were unreliable. They don't even reference the correspondence the counsel referred to in oral argument in the complaint. You have a complaint that does not meet the requirements of the PSLRA in terms of explaining the falsity. It's even more inadequate in terms of Scienter. Their main claim on Scienter is that you can infer Scienter from stock sales by the defendants. If you look at paragraph 26, it says Defendant Heitz sold, quote, numerous shares of stock. They don't say how many shares he sold or when he sold. They say on information and belief, quote, many other insider sales took place. There is no effort, as required by the PSLRA, to specify what basis they have for that information and belief. The bottom line, I think the complaint here is woefully inadequate compared to the complaint that was before this Court in the In Revantive case. And it's futile for the plaintiffs to continue to attempt to amend. They have not, unlike the eminence capital case that Judge Reinhart decided a few months ago, offered to come in with additional facts that would enable them to plead Scienter, that would enable them to explain falsity. Instead, they say we have additional facts regarding all of these 20-some people that we obtained assignments of claims for, and we can bring that evidence back to you, Your Honor, if you think this complaint is inadequate. This is a software company. Sotomayor Did the trial judge rule on this second complaint? He never saw the second complaint. He saw the second complaint. Well, I'm not sure if you're talking about the second complaint in one. Or the first amended, which. Or the third complaint. But he had before him the proposed amended complaint that they proffered in conjunction with their motion for leave to amend. Well, I'm trying to get a handle on it. What is it that we can look at that the trial judge reviewed and determined? We can look at tab 15 in the record prepared by the appellants, which is the proposed amended complaint. And that is the document that I would say. Is that the same one that was filed subsequently? That was the one that was filed as a new action? That is the It's a little bit confusing because the motion for leave to amend was proffered under the case number of the second action that they filed, although the pleading makes it quite clear that they were attempting to amend in the first action that they filed. So there are three complaints that are included in the record. The last and plaintiff's supposedly best effort to comply with their pleading requirements is the proposed amended complaint that is included in tab 15 of the record, Your Honor. Okay. But Judge Hatter, was it, never had a chance? Yes, Your Honor. It was Judge Hatter. He never had a chance to rule on that? Yes, he did. In the context of the motion for leave to amend, we argued at length that amendment was futile because the plaintiffs did not comply with their pleading requirements under the PSLRA. So Judge Hatter had an opportunity to review that complaint to consider our attacks on the sufficiency of that pleading. And I believe that the futility of amendments shown by that complaint, coupled with the plaintiffs, I would characterize them as lackadaisical efforts to meet their So that's, I just want to make sure we're looking at the same thing. I don't have the tab. I have the ER-208. Is that about right? The complaint would be about through 234, and it's got the declaration of service around March 8, 2002. Your Honor, may I have a moment to refer to mine? I just want to make sure we're looking at the same thing. Precisely, Your Honor. Thank you. Incidentally, much as I would like to honor Judge Shilderman, who wrote Eminent's Capital. I read with pleasure your dissent, and I have very carefully avoided using the phrase three bites at the apple throughout the argument, Your Honor. What we have here is a software company, much like the software company in Vantive, and they purported to have a solution to the year 2000 problems. And I'm sure Your Honors recall that in 1998 and 1999, everyone expected that the Y2K computer bug would be a horrible problem, and millions and millions of dollars would have to be spent solving it. Well, investors in Veronix thought that the company was going to make a whole lot of money solving the Y2K problem for American industry and industry throughout the world. The company's executives thought that. The fact that the Y2K problem turned out to be a complete bust and that Veronix didn't make a lot of money doesn't establish that the defendants acted with fraud or with scienter back in 1998 and 1999 when the company was flying high. This is a classic fraud by hindsight case, and unless the plaintiffs can come up with more evidence, if they can actually come up with this correspondence that they referred to, if they can allege with particularity which companies were unreliable that signed these agreements, why they were unable to perform, and so on. But you can search the complaint in vain, and you're not going to find any of that. Well, you know, I think you've just posed the problem. Whether something is futile doesn't depend on searching the complaint in vain. It depends on what you just said. Are there things they could come up with that they could plead once they understood how to plead? As we said in Eminence Capital, we put a very heavy burden on people with this kind of pleading requirement, and therefore we give them opportunities to correct what they have been unable to do the first or second time. And you've just said, well, if they had this kind of thing and they could plead that, then it wouldn't be futile. We don't know whether they have that kind of thing or not. I'm sorry for interrupting. No, no. Your Honor, if they had that evidence, one would expect that they would have put it in this last amendment complaint. They knew that they were dangling by a thread. Do we get ammonite bites at the apple? Do we get them before we know that it's futile? Your Honor, there's very little but a core full of seeds, and it's brown and wrinkled at this point. Part of the problem is, and I think the Court can recognize this, and I think the district court recognized this, plaintiffs really didn't try the first two times. The first complaint. I interrupted you a little earlier. I'll interrupt you again because now I think you're raising something in the way this case evolved. On the one that complaint came over, the one that was dismissed without prejudice, the first complaint. It removed that. That was in response to a motion to dismiss that you filed, correct? Yes, Your Honor. And you pointed out all of these things to them as to where you thought it was deficient. Your Honor, in fact, I not only pointed those out in the motion, but I pointed them out in a letter that I sent beforehand. And I said, look, this is a nonstarter. All right. It doesn't even make sense for us to waste the time on a motion to dismiss. And they essentially said, we elect to trial. Okay. So then the next step in the process is they come back and try to file an amended complaint in that first action. Yes, Your Honor. About the first action. And the clerk's office says no. So Judge Hatter never sees that proposed amended complaint as part of the first action, correct? I'm assuming he saw something that is virtually identical. I don't know. I don't want assumptions. Nothing got beyond the clerk's office on that one. Yes, Your Honor. Okay. Now the next thing that happens is that they restyle as a new action. Correct. Okay. And in response to the new action, you do what? I again tell them this is not close. All they added was. You tell them. In letter or by letter? In a letter pursuant to the meet and confer procedures required by the central district. Essentially all they added was three or four paragraphs that listed SEC filings during a period of time. They never explained why those were false or how they were false and so on. They never separated any defendants. Okay. I just want to understand the process, not all the details. I'm sorry for interrupting. At the time. All right. So then you're having pointed that out to them in the meet and confer. It then moved from there to a hearing on an objection by you for giving them leave. That wouldn't have been leave to amend at that point. That would have been another motion to dismiss. A second motion to dismiss. And you made all your arguments to Judge Hatter in that. Which was, again, granted without prejudice. At a hearing? In your papers. Was there a hearing? No, Your Honor. That was decided on the papers as well. Okay. And then. They appealed. They appealed that. That's what went up and got the OSC on it. Right. And then came back down and the next step was. They filed a motion for leave to amend. Amend the second or the first. They went back to the first now at this point, right? I believe it is. You can ask counsel, but I think it was his intention to seek leave to amend in the first action. The first action. Although the pleadings were filed using the case number of the second action. Okay. And that's the one where Judge Hatter then. Was there a hearing on that one? I'm forgetting. No hearing, Your Honor. And he just denied the leave to amend. Denied leave to amend. Got it. Okay. And in each of those stages, on behalf of your clients, you were pointing out the defects in the complaint. Twice, Your Honor. First in the meet and confer process and then in the papers that were filed. Now, following with Judge Fischer's chronology, as you would view it, we, after the first amended complaint, after the second action was dismissed, it was then brought to a first amended complaint and it was then brought to Judge Hatter, who allowed it to be filed and ruled on the merits? Or. No. The second case that they filed was. No, no. That's the second case. We're through with the second case. Okay. We're now back to the first amended complaint. Okay. In the first case. Okay. We're treating it that way, although there's some question. That first amended complaint, was that filed and then dismissed on the merits? It was lodged as a proposed filing so that the Court could see their effort to state a claim. And Judge Hatter did not allow them to file a first amended complaint. I'm sorry, Your Honor. Could you. And Judge Hatter then did not allow them to file the first amended complaint. Which triggers the Rule 15a. Right. That's where we started. Yes. Okay. Right back to it. Your Honor, again, I think I will acknowledge that under. Is it your position that a judge may decline to allow you to file a first amended complaint if he doesn't think it's a good enough complaint? Well, I believe that the cases of this Court say that if it is futile, then the Court can refuse. For example, a court on a motion to dismiss can dismiss with prejudice right out of the box. How about the first complaint? Could Judge Hatter have looked at that when it came in and said, I'm not going to let you file this complaint? It's not good enough? Well, he theoretically could have if he read the complaint and concluded that there was no conceivable set of facts that would enable the plaintiffs to state a claim. I don't think he reached that conclusion. And, in fact, we didn't make that argument. Could a judge say, lodge all complaints with me? I'm not going to file anything. We have too much paper in the Court. So I'm not going to let you file any complaints that I don't like. I don't think they have enough merit. So lodge them all instead of filing them. And then I'll rule on them when they're lodged as to whether I'll let you file them. In this case, the plaintiffs already had they acknowledged that they attempted to use up their one-time free ticket to file an amended complaint. And for whatever reason, the clerk declined to accept that document, so they turned around and filed a completely new separate action. Now, that to me is their opportunity, their once, their amendment once as a matter of right. When they came back the third time, I think they acknowledged by the fact that they filed a motion for leave to amend that they were asking, that they were not doing something that they had the right to do. And, in fact, I think that's obvious. And the point here is that they only did that after they appealed the motion to dismiss the second case. And this Court said, I'm not sure that's a final ruling. All right. Well, we've taken you way over your time, so. I see. I'll keep going unless there are further questions. Thank you. Thank you, Your Honor. In this case, Your Honor, an application was made in opposing the motion for leave to amend before any dismissal was entered. The trial court denied the application to amend the complaint in the first case. It denied it in the second case. At no time were the plaintiffs availed an opportunity of a hearing. There was none ever. Although a first amended complaint was lodged with the Court with a motion to file, the Court denied that application and no first amended complaint was filed. The Court has focused on 15a correctly, and counsel indicated that there's a futility test. That's not the case under 15a. There is no futility test. It's as a matter of course we were entitled to amend our pleading. Well, his argument essentially is that you've got your 15a rights by filing that second complaint. That just can't be. The complaint was filed in February of 2001. Five months later, plaintiffs elected to file another complaint because of the dismissal without prejudice. There could have been, it could have been a year later, but there could have been statute of limitations issues that came and went. 15a doesn't say if you file a second case, you lose your 15a rights. Plaintiffs made an election because they attempted to do a different route. We believe the Court erred. But nevertheless, as we are faced here, 15a still applies. Thank you, Your Honor. Thank you, counsel. The case, it's argued, will be submitted.
judges: Reinhardt, O'scannlain, Fisher